UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERIC BONITA,

       Petitioner,

v.                             Case No:  2:16-cv-729-FtM-29NPM
                                     Case No. 2:11-CR-97-FTM-29CM

UNITED STATES OF AMERICA,

       Respondent.

_____

## OPINION AND ORDER

Before the Court is Petitioner Eric Bonita's (Petitioner or Bonita) *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed on September 26, 2016. (Cr. Doc. #682; Cv. Doc. #1).[1] After the Court granted leave, Petitioner filed a Supplemental Motion under 28 U.S.C. § 2255 on October 7, 2016. (Cr. Docs. #687, #688, #689; Cv. Docs. #5, #6, #7). The United States filed an Amended Response in Opposition on November 23, 2016 (Cv. Doc. #14), to which Petitioner filed a Reply (Cv. Doc. #17) and Sworn Affidavit (Cv. Doc. #18) on December 27, 2016. For the following reasons, Bonita's § 2255 motion is denied.

_____

[1] The Court will refer to the underlying criminal docket, 2:11-cr-00097-JES-CM-10, as "Cr. Doc.," and will refer to the civil docket as "Cv. Doc."

# I. Procedural History

On September 28, 2011, a federal grand jury in Fort Myers, Florida returned a twelve-count Indictment charging Petitioner and nine co-defendants with various drug offenses. (Cr. Doc. #3). Count One charged Petitioner and nine others with conspiracy to manufacture, possession with intent to distribute, and distribution of 28 grams or more of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii) and 846. (Id., pp. 1-2). In addition to the conspiracy, Petitioner was charged in Count Eleven with knowing and willful distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Id., pp. 5-6). Appointed counsel, Richard Lakeman ("Attorney Lakeman"), represented Bonita at trial. (Cr. Doc. #28). Bonita pled not guilty to both counts of the Indictment on October 21, 2011. (Cr. Docs. #31; #727). On April 5, 2012, the government filed a notice of intent to enhance Bonita's sentence under 21 U.S.C. § 851 because he had five prior felony drug convictions. (Cr. Doc. #199). Based upon the charges under the Indictment and the government's § 851 notice, Bonita faced an enhanced penalty of a minimum mandatory term of ten years up to life imprisonment, without parole, as to Count One, and a

maximum term of imprisonment of 30 years as to Count Eleven. (<u>Id.</u>, pp. 2-3).

On August 9, 2012, a federal grand jury returned a Superseding Indictment, which expanded the amount of crack cocaine charged under the conspiracy. (Cr. Doc. #249). Count One charged Petitioner and six others[2] with conspiracy to manufacture, possession with intent to distribute, and distribution of 280 grams or more of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(B)(iii) and 846. (<u>Id.</u>, pp. 1-2). Count Ten charged Petitioner with distribution of cocaine on or about September 27, 2011 in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (<u>Id.</u>, p. 6). Count Twelve charged Petitioner with distribution of crack cocaine on or about October 13, 2011 in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(C). (<u>Id.</u>, p. 7).

The next day, the government filed a notice of intent to enhance Bonita's sentence under 21 U.S.C. § 851 due to his five prior felony convictions. (Cr. Doc. #251). Based upon the increased amount of crack cocaine charged under the Superseding Indictment and Bonita's prior felony convictions, he faced an enhanced penalty of a minimum mandatory term of life imprisonment, without parole, as to Count One, and a maximum term of imprisonment of 30 years as to Counts Ten and Twelve. (<u>Id.</u>). Bonita pled not

---

[2] The government removed three of the nine initial co-conspirators in the Superseding Indictment.

guilty to the Superseding Indictment on August 13, 2012. (Cr. Doc. #258).

Thereafter, on September 5, 2012, a federal grand jury returned a Second Superseding Indictment, which decreased the time frame of the conspiracy under Count One. (Cr. Doc. #282). The charges otherwise remained the same as stated in the Superseding Indictment. (Id.). Bonita pled not guilty to the Second Superseding Indictment on September 10, 2012. (Cr. Doc. #296). The government again filed a notice of intent to enhance Bonita's sentence under 21 U.S.C. § 851. (Cr. Doc. #323). Petitioner still faced a mandatory minimum sentence of life imprisonment as to Count One and a maximum term of thirty years as to Counts Ten and Twelve. (Id.).

The Court conducted an eleven-day trial. At the conclusion of the government's case-in-chief, Bonita moved for judgment of acquittal, which the Court granted as to Count Twelve. (Cr. Doc. #497, p. 85). On October 5, 2012, the jury returned a verdict finding Bonita guilty of Counts One and Ten. (Cr. Doc. #383, pp. 2, 6). As to Count One, the jury found that the amount of cocaine base involved in the conspiracy was more than 280 grams. (Id., p. 3).

The Court sentenced Bonita on January 22, 2013. (Cr. Docs. #446, #448). Because Bonita had at least two prior felony drug convictions and was found guilty of a conspiracy involving more

than 280 grams of cocaine base, he faced a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A)(iii). (Cr. Doc. #297). The undersigned sentenced Petitioner to a term of life imprisonment as to Count One, and 30 years of imprisonment as to Count Ten, to be served concurrently. (Cr. Doc. #448, p. 2). In addition, the undersigned imposed a term of ten years supervised release as to Count One and six years as to Count Ten, to run concurrently. (Id., p. 3).

Bonita filed a Notice of Appeal on January 28, 2013.[3] (Cr. Doc. #454). Attorney Lakeman represented Bonita on appeal. Bonita, through counsel, raised the following ten issues before the Eleventh Circuit: (1) he was deprived of the right to be present during jury empanelment; (2) he was denied the right to a fair trial upon the dismissal of Juror No. 8; (3) this Court erred in finding he lacked standing to suppress evidence related to a wiretap recording; (4) the evidence was insufficient to establish a common scheme or plan or agreement under Count One; (5) this Court erred in denying his motion to sever; (6) he was prejudiced from the joinder with co-defendants and the presentation of telephone calls that did not link him to any co-defendants; (7) this Court erred in overruling trial counsel's objection to the admission of Government Exhibit 35; (8) this Court erred in denying

---

[3] Bonita later amended his Notice of Appeal on February 4, 2013 to correct a clerical mistake. (Cr. Doc. #456).

Bonita's motion for judgment of acquittal as to Counts One and Ten; (9) the Court erred in its calculation of the sentencing guidelines; and (10) the Court erred in sentencing Bonita to mandatory life imprisonment. See United States v. Hyppolite, 609 F. App'x 597 (11th Cir. 2015). (See Appellant's Br., United States v. Hyppolite, 13-10471 (11th Cir. Nov. 12, 2013)).

On June 25, 2015, the Eleventh Circuit affirmed Petitioner's convictions, but remanded the case back to the District Court for the limited purpose of correcting the written Judgment because it incorrectly stated Bonita received a thirty-year sentence as to Count Eleven, when he was convicted under Count Ten, and the undersigned's stated intention was to sentence Bonita to life imprisonment. See Hyppolite, 609 F. App'x at 613-14. Upon remand, the Court issued an Amended Judgment to reflect a term of life imprisonment as to Count One and life imprisonment as to Count Ten, to run concurrently. (Cr. Docs. #635, #638). All other provisions remained the same as previously imposed. (Cr. Docs. #635, #638). Bonita did not petition for a writ of certiorari with the Supreme Court of the United States.

Now, Bonita seeks relief under 28 U.S.C. § 2255. The government concedes that Bonita timely filed his § 2255 motion (Cv. Doc. #14, p. 5), and the Court agrees.

## II.  Legal Standards

### A. Evidentiary Hearing and Appointment of Counsel

A district court shall hold an evidentiary hearing on a habeas corpus petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]"  28 U.S.C. § 2255(b).  "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim."  Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (citation omitted).  However, a district court is not required to hold an evidentiary hearing where the petitioner's allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record.  See id. at 715.

To establish entitlement to an evidentiary hearing, petitioner must "allege facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance."  Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015).  The Court finds that the record establishes that Petitioner is not entitled to relief and, therefore, an evidentiary hearing is not required.

Because Petitioner's motion for an evidentiary hearing is denied, appointment of counsel is not required under Rule 8(c), Rules Governing Section 2255 Proceedings for the United States

District Court. Petitioner is not otherwise entitled to appointment of counsel in this case. See Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006) (stating there is no Sixth Amendment right to counsel in post-conviction collateral proceedings); see also Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983) ("Counsel must be appointed for an indigent federal habeas petitioner only when the interest of justice or due process so require."). Neither the interest of justice nor due process requires the appointment of counsel here.

**B. Ineffective Assistance of Trial and Appellate Counsel**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. See Hinton v. Alabama, 571 U.S. 263, 272-73 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)). "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a Strickland claim, a court need not address both Strickland prongs if the petitioner fails to

satisfy either of them." <u>Kokal v. Sec'y, Dep't of Corr.</u>, 623 F.3d 1331, 1344 (11th Cir. 2010) (citations omitted).

The proper measure of attorney performance is "simply reasonableness under prevailing professional norms" considering all the circumstances. <u>Hinton</u>, 571 U.S. at 273 (internal quotations and citations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Strickland</u>, 466 U.S. at 689; <u>see also</u> <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000) (stating courts must look to the facts at the time of counsel's conduct). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>See</u> <u>Strickland</u>, 466 U.S. at 689-90.

To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. <u>See</u> <u>Rose v. McNeil</u>, 634 F.3d 1224, 1241 (11th Cir. 2011); <u>see also</u> <u>Hall v. Thomas</u>, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. <u>See</u> <u>United States v. Winfield</u>, 960 F.2d 970, 974 (11th Cir. 1992); <u>see also</u> <u>Ladd v. Jones</u>, 864 F.2d 108, 109-10 (11th Cir. 1989).

The same deficient performance and prejudice standards apply to appellate counsel. See Smith v. Robbins, 528 U.S. 259, 285-86 (2000); see also Roe, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. See Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Counsel is not deficient for failing to raise non-meritorious claims on direct appeal. See Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

### III.  Analysis

Petitioner raises a total of seven grounds for relief in his § 2255 motion and supporting documents.[4]  Under Ground One, Petitioner argues counsel rendered ineffective assistance of counsel during plea discussions and he failed to assert this on appeal. (Cr. Doc. #682, p. 4; Cv. Doc. #1, p. 4; Cv. Doc. #17, pp. 2-4). Under Ground Two, Petitioner contends counsel failed to assert at trial and on appeal that (1) the government did not file a notice to enhance Bonita's sentence under 21 U.S.C. § 851 and, thus, the Court lacked authority to sentence him to life imprisonment and (2) the Court exceeded its authority in finding

---

[4] For clarity, the Court has re-numbered Bonita's grounds for relief.

that Bonita's charges in State of Florida Case No. F04-033884 qualified as a prior drug conviction under 21 U.S.C. § 841(b)(1)(A)(iii).[5] (Cr. Docs. #682, p. 5; #689, pp. 2-3; Cv. Docs. #1, p. 5; #7, pp. 2-3). Under Ground Three, Petitioner alleges counsel failed to investigate Juror A.D.'s prior drug conviction and move to strike her as a juror. (Cr. Docs. #682, pp. 6-7; #689, p. 6; Cv. Docs. #1, pp. 6-7; #7, p. 6; #17, pp. 5-6). He further asserts counsel should have raised this error on appeal. Under Ground Four, Bonita maintains trial counsel failed to move to suppress, object to, and/or investigate the introduction of Government Trial Exhibit 35 and failed to assert this argument on direct appeal. (Cr. Docs. #682, p. 8; #689, p.7; Cv. Docs. #1, p. 8; #7, p. 7). Under Ground Five, Petitioner claims counsel failed to object to Government Trial Exhibits 39 and 40 in a timely manner and appeal this issue. (Cr. Doc. #682, p. 13; Cv. Docs. #1, p. 13; #7, pp. 7-8). Under Ground Six, Petitioner asserts appellate counsel failed to appeal the Court's failure to provide a jury instruction on multiple conspiracies. (Cr. Doc. #689, pp. 4-5; Cv. Doc. 7, pp. 4-5). Finally, under Ground Seven,

---

[5] The government argues that Bonita's claims under Ground Two are procedurally barred because he failed to assert them on direct appeal. (Cv. Doc. #14, pp. 6-7). The Court disagrees because claims of ineffective assistance of counsel are not subject to procedural default. See Massaro v. United States, 538 U.S. 500, 504 (2003). The Court, therefore, will address the merits of Bonita's claims under Ground Two.

Petitioner asserts trial counsel failed to spend adequate time preparing his case. (Cv. Doc. #18, p. 1). The Court addresses each in turn.

### A. Ground One: Ineffective Assistance of Counsel During Plea Discussions

Petitioner first argues that counsel did not adequately explain the sentencing guidelines under the original Indictment. Specifically, Petitioner asserts counsel failed to advise him that (1) he only faced five to forty years imprisonment under the first Indictment, (2) he was eligible for sentence enhancements based upon his prior felony drug convictions, and (3) he could receive an adjustment of his penalties based upon his acceptance of responsibility if he pled guilty. (Cv. Docs. #17, pp. 24; #18). Had counsel properly advised him, Petitioner asserts he would have not insisted on proceeding to trial. (Id.). The Court finds Petitioner fails to set forth a Sixth Amendment claim under Ground One.

The standard in Strickland applies to challenges of guilty pleas, in addition to jury convictions. See Hill v. Lockhart, 474 U.S. 52 (1985). In Scott v. United States, 325 F. App'x 822, 824 (11th Cir. 2009), the Eleventh Circuit set forth the applicable Strickland standard in the context of challenging a guilty plea:

> [T]he first prong of Strickland requires the defendant to show his plea was not voluntary because he received advice from counsel that was not within the range of competence

> demanded of attorneys in criminal cases. The
> second prong focuses on whether counsel's
> constitutionally ineffective performance
> affected the outcome of the plea process,
> meaning the defendant must show a reasonable
> probability that, but for counsel's errors, he
> would have entered a different plea.

(internal quotation marks and citations omitted).

Petitioner maintains it was not until his incarceration and research of the law that he learned he only "faced an imprisonment guideline range of 5 to 40 years under the original indictment." (Cv. Doc. #17, p. 3). Additionally, he says counsel failed to inform him that his prior felony drug convictions could be used to enhance his sentence. (Cv. Doc. #18). Had he known these facts, he argues he would have entered a straight plea without the benefit of a plea agreement. (Cv. Docs. #17, p. 2-4; #18). Petitioner's allegations, nonetheless, are contradicted by the record.

Despite Petitioner's allegations that counsel failed to inform him of his sentencing consequences under the Indictment, his colloquy at the arraignment demonstrates otherwise:

> **THE GOVERNMENT:** In Count 1, the defendant is
> charged, beginning on an unknown date but at
> least in or about July 2010, continuing
> through and including the date of the
> indictment, in Lee and Collier County with
> having conspired to manufacture, possess with
> intent to distribute, and distribute 28 grams
> or more of a mixture or substance containing
> a detectable amount of cocaine base, also
> known as crack cocaine, in violation of the
> laws of the United States.

Count 1 is punishable by a mandatory minimum five years up to 40 years of incarceration without parole, a fine of up to $2 million, a period of supervised release of at least four years, up to life, and a 100-dollar special assessment.

Based upon the defendant's prior felony drug conviction history, his penalties are eligible for enhancement in Count 1. Those penalties would then be a minimum mandatory ten years up to life incarceration without parole, a fine of up to $4 million, a period of supervised release of at least eight years, up to life, and a 100-dollar special assessment.

In Count 11, the defendant is charged on or about September 27, 2011, in Lee County, with having distributed a quantity of a mixture or substance containing a detectable amount of cocaine base, also known as crack cocaine, in violation of the laws of the United States. That offense is punishable by up to 20 years of incarceration without parole, a fine of up to $1 million, a period of supervised release of at least three years, up to life, and a 100-dollar special assessment.

Based upon the defendant's prior felony drug conviction history, he is eligible for enhanced penalties as it relates to Count 11. Those penalties would then be up to 30 years of incarceration without parole, a fine of up to $2 million, a period of supervise release of at least six years, up to life, and a 100-dollar special assessment.

**THE COURT:** All right; thank you. Mr. Bonita, did you understand the two charges against you in the indictment?

**THE DEFENDANT:** Yes, yes, Your Honor.

**THE COURT:** Okay. And did you understand what he was saying about the possible or maximum penalties, should you be convicted?

>            **THE DEFENDANT:**  Yes, Your Honor.
>
>            **THE COURT:**  Okay.  Mr. Lakeman, is there any
>            reason, then, why he should not enter a plea?
>
>            **MR. LAKEMAN:**  Your Honor, I would, at this
>            time, enter a plea of not guilty to Count 1
>            and Count 11.

(Cr. Doc. #727, pp. 8-10).

Considering the testimony above, the Court finds Bonita's claims under Ground One to be refuted by the record.  The record shows that Bonita knew (a) of his potential penalties and (b) that his prior convictions could be used to enhance his sentence. Bonita has failed to suggest how his statements at his arraignment hearing were false.

Moreover, Petitioner's assertion that he only faced five to forty years imprisonment under the original Indictment is false. At his arraignment, the government advised that Petitioner was eligible for enhanced penalties under 21 U.S.C. § 851 based upon his prior felony drug convictions.  (Id., pp. 9-10).  This means that Bonita knew he would be subject to an enhanced penalty of a minimum ten years up to life incarceration, without parole, as to Count One and thirty years of incarceration as to Count Eleven under the Indictment.  (Id.).

Petitioner asserts he could have avoided a mandatory minimum sentence of life imprisonment by entering a straight-up plea to the first Indictment.  Petitioner, however, could not prevent the

government from filing its § 851 notice, as it did three times in this case. The Court finds no deficient performance by counsel.

Even if defense counsel's performance was deficient, Petitioner fails to demonstrate prejudice because the record refutes his assertion that he would have pled guilty without a plea agreement. First, Bonita says in his § 2255 motion that, had he known of his possible penalties at sentencing, he "would have *considered* taking a plea instead of standing trial." (Cv. Doc. #1, p. 4) (emphasis added). Then, in his Reply, he inconsistently states he "would have taken a plea, had defense counsel went over the sentencing guidelines on the original indictment[.]" (Cv. Doc. #17, p. 2). In any case, Petitioner's "after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer." Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991) (rejecting defendant's claim that he would have accepted a plea agreement when he had not indicated any desire to plead guilty prior to his conviction).

Additionally, at his sentencing hearing, Bonita still professed his innocence:

> Your Honor, with all due respect to you, of course, and the rest of the courtroom, the reason why I took it to trial was because I felt like I was not . . . like guilty of no conspiracy. That's the only reason why I came this far, Your Honor. I didn't mean to waste your time, or cause you any hard work. With

> all due respect, Your Honor, but that's the
> only reason why I came this far, is there was
> a lot of allegations that are false that was
> said, and that's the reason why I came this
> far, Your Honor.

(Cr. Doc. #502, p. 54).

In sum, the Court finds Petitioner's claim that counsel rendered ineffective assistance during plea discussions to be refuted by the record and otherwise without merit. Counsel on appeal was, therefore, not ineffective for failing to raise a meritless claim. Ground One is denied.

**B. Ground Two: Challenges to Petitioner's Sentence Enhancement Under 21 U.S.C. § 851**

Under Ground Two, Petitioner raises two challenges to his sentence enhancement under 21 U.S.C. § 851. First, Petitioner alleges he was not eligible for a sentence enhancement under 21 U.S.C. § 851 because the government failed to file a notice under the statute. (Cr. Doc. #682, p. 5; Cv. Doc. #1, p. 5). Second, he claims counsel erred in failing to assert on appeal that the Court exceeded its authority in sentencing Bonita under the statute. (Cr. Doc. #689, pp. 2-3; Cv. Doc. 7, pp. 2-3). The Court finds both challenges fail.

Petitioner maintains the government failed to file a notice of intent to enhance his sentence and, therefore, he was not eligible for a sentence enhancement under 21 U.S.C. § 851. (Cr. Doc. #682, p. 5; Cv. Doc. #1, p. 5). In support, Petitioner

provides a copy of a letter from the Clerk's office, dated August 24, 2016, which states, in relevant part: "Dear Mr. Bonita: After review of your docket, it does not look as if an '851 Enhancement Notice' was filed on your behalf, therefore I cannot give you a page count." (Cr. Doc. #682-1; Cv. Doc. #1-1). The government argues Petitioner's claim fails because the record shows the government filed a 21 U.S.C. § 851 notice prior to trial under the Second Superseding Indictment and the Clerk's letter does not show otherwise. (Cv. Doc. #14, pp. 11-12).

Title 21 U.S.C. § 851(a)(1) provides in pertinent part:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

As an initial matter, the Clerk's office letter does not support Petitioner's claim. (Cr. Doc. #682-1; Cv. Doc. #1-1). According to the letter, an § 851 notice was not filed *on behalf* of Petitioner. (Id.). This, as the government argues, is correct given that the notice was filed *by* the government and *not on behalf* of Bonita. (Cv. Doc. #14, pp. 11-12).

Importantly, the record shows the government filed an § 851 notice prior to the start of trial in this case. (Cr. Doc. #323).

The government certified that the notice was sent via electronic mail to defense counsel. (Id., p. 4). Finally, the Eleventh Circuit has already found on direct appeal that the government timely notified Bonita of its intention to seek enhanced penalties under 21 U.S.C. § 851. See Hyppolite, 609. F. App'x at 615 n.15. The Court finds the government complied with the notice requirements under § 851 and, as a result, Bonita's first challenge under Ground Two has no merit.

Petitioner also claims that counsel erred in failing to assert on direct appeal that the Court exceeded its authority in sentencing Bonita to life imprisonment. (Cv. Doc. #7, pp. 2-3). Specifically, Petitioner alleges the Court's reliance upon State of Florida Case No. F04-033884 to enhance his sentence was improper because Bonita was not convicted in that case. (Id.). The government asserts Petitioner's claim fails because he had at least two qualifying controlled substance offenses at the time of his sentencing and, therefore, he qualified for a sentence enhancement pursuant to 21 U.S.C. § 841(b)(1)(A)(iii). (Cv. Doc. #14, pp. 19-20).

Before trial, the government notified Bonita that he was eligible for a sentence enhancement under 21 U.S.C. § 841(b)(1)(A)(iii) because he had the following convictions for felony drug offenses:

- **(A) Unlawful Possession of a Controlled Substance**, in violation of Florida Statute, Section 893.13(6)(A), a crime punishable by imprisonment for a term exceeding one year, in the Circuit Court, Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, in Case No. F08-005065, on or about June 10, 2008;

- **(B) Unlawful Possession of a Controlled Substance with Intent to Sell, Manufacture, or Deliver Cocaine**, in violation of Florida Statute 893.13(1)(a)1, a crime punishable by imprisonment for a term exceeding one year, in the Circuit Court, Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, in Case No. F04-033884, on or about January 6, 2005;

- **(C) Unlawful Possession of a Controlled Substance with Intent to Sell, Manufacture, or Deliver Cannabis**, in violation of Florida Statute, Section 893.13(1)(A)2, a crime punishable by imprisonment for a term exceeding one year, in the Circuit Court, Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, in Case No. F04-033884, on or about January 6, 2005;

- **(D) Unlawful Possession of a Controlled Substance (Cocaine)**, in violation of Florida Statute, Section 893.13(6)(a), a crime punishable by imprisonment for a term exceeding one year, in the Circuit Court, Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, in Case No. F04-033885, on or about January 6, 2005;

- **(E) Unlawful Possession of a Controlled Substance with Intent to Sell, Manufacture, or Deliver Cocaine**, in violation of Florida Statute, Section 893.13(1)(A)1, a crime punishable by imprisonment for a term exceeding one year, in the Circuit Court, Eleventh Judicial Circuit, in and for

Miami-Dade County, Florida, in Case No.
                    F06-006444, on or about November 16, 2006.

(Cr Doc. #323, p. 2). At sentencing, the government maintained

offenses B, C, and D were concurrent offenses and thus counted as

one conviction, in addition to Bonita's A and E convictions. Thus,

the government argued Bonita had at least three prior felony drug

convictions. Bonita, through counsel, alleged his offenses in

Florida State Case No. F04-033884 did not constitute a prior

conviction under § 841(b) because adjudication had been withheld.

The Court disagreed with this argument, and continues to do so.

     Title 21 U.S.C. § 841 (b)(1)(A)(iii) provides in relevant

part:

          [i]n the case of a violation of subsection (a)
          of this section involving— 280 grams or more
          of a mixture or substance . . . which contains
          cocaine base . . . If any person commits a
          violation of this subparagraph . . . **after two
          or more prior convictions for a felony drug
          offense have become final**, such person shall
          be sentenced to a mandatory term of life
          imprisonment without release[.]

(emphasis added). Petitioner asserts he was not eligible for a

sentence enhancement under 21 U.S.C. § 841(b)(1)(A)(iii) because

in Florida Case No. F04-033884 he pled guilty and an adjudication

of guilt was withheld. (Cr. Doc. #689, pp. 2-3; Cv. Doc. #7, pp.

2-3). For the reasons below, Bonita's second challenge under

Ground Two lacks merit.

First, a guilty plea followed by an adjudication withheld qualifies as a prior conviction for sentencing enhancement purposes under § 841.  See United States v. Mejias, 47 F.3d 401, 403-404 (11th Cir. 1995) (holding prior state court no contest plea with adjudication withheld was a "conviction" supporting an enhanced sentence under 21 U.S.C. § 841(b)(1)(B)); United States v. Fernandez, 58 F.3d 593, 599-600 (11th Cir. 1995) (same).

Second, even if convictions B, C, and D do not constitute prior convictions, Petitioner cannot show prejudice because he has been convicted of at least two other felony drug offenses (A and E), which satisfies the requirements under 21 U.S.C. § 841(b)(1)(A)(iii).  (Cv. Doc. #14, pp. 19-20).  As the government points out, Bonita does not suggest that these two drug offenses did not qualify as prior felony drug convictions under 21 U.S.C. § 841(b)(1)(A)(iii).  Because Petitioner's second challenge is baseless, the Court finds no ineffective assistance by counsel at trial or on appeal.  Ground Two is denied.

## C. Ground Three:  Failure to Strike and/or Investigate Juror During Voir Dire

Under Ground Three, Petitioner alleges counsel erred in failing to strike/investigate Juror A.D. because she admitted she had a prior drug conviction and, therefore, there was a "possibility" she was disqualified from jury service pursuant to 28 U.S.C. § 1865(b)(5).  (Cv. Doc. #1, p. 6; Cv. Doc. #17, pp. 5-

6).  He further states such an error denied him of his due process right to be tried by a fair and impartial jury and, as a result, he is entitled to a new trial.  (Cv. Doc. #1, p. 6).

During voir dire, the Court asked the jury panel to provide biographical information.  When the individual panel members were asked if they had prior court experience, Juror A.D. stated, "[t]he only court experience that I have is, when I was 20, I was convicted of a minor in possession."  (Cr. Doc. #489, pp. 13-14).  Petitioner contends Juror A.D. was ineligible to serve as a trial juror because she had been convicted of the possession of narcotics and, therefore, counsel's failure to strike her from the panel violated his due process.  (Cv. Doc. #7, p. 6).  The Court disagrees.

The Sixth and Fourteenth Amendments guarantee a criminal defendant the right to an impartial and unbiased jury.  See Morgan v. Illinois, 504 U.S. 719, 727 (1992).  Under 28 U.S.C. § 1865(b)(5), an individual is not qualified to serve as a juror at trial if he "has a charge pending against him for the commission of, or has been convicted in a State or Federal court of record of, a crime punishable by imprisonment for more than one year and his civil rights have not been restored."  Nonetheless, unlike what Bonita asserts, there is no constitutional right to a felon-free jury.  See Hanna v. Ishee, 694 F.3d 596, 616 (6th Cir. 2012) ("[T]he Sixth Amendment 'does not require an absolute bar on felon jurors,' because a juror's felon status is not necessarily

indicative of a bias against the defendant (or, for that matter, against the prosecution)") (citation omitted); <u>United States v. Boney</u>, 977 F.2d 624, 633 (D.C. Cir. 1992) (holding that because convicted felons are not necessarily biased, a verdict is not invalidated simply because a convicted felon was on the jury); <u>see also</u> <u>Zeno v. LeBlanc</u>, No. 17-6234, 2018 WL 2163800, *12-14 (E.D. La. Feb. 1, 2018) (finding the mere presence of convicted felon on a jury and petitioner's failure to show any juror bias did not support a due process claim).

Under federal law, "once the trial is complete, a felon serving as a juror is not an automatic basis for a new trial. The defendant must demonstrate that the juror was actually biased or fundamentally incompetent." <u>United States v. Bishop</u>, 264 F.3d 535, 555 (5th Cir. 2001) (citation omitted); <u>see also</u> <u>Rogers v. McMullen</u>, 673 F.2d 1185, 1190 (11th Cir. 1992) ("[A] petitioner is entitled to habeas relief only upon a showing that the juror was actually biased or incompetent."). In rejecting claims like Bonita's, other district courts have recognized, "a juror disqualification defect is not fundamental as affecting the substantial rights of the accused and the verdict is not void for want of power to render it." <u>Zeno</u>, 2018 WL 2163800 at *13 (quoting <u>Hogue v. Scott</u>, 874 F. Supp. 1486, 1529 (N.D. Tex. 1994) (internal quotation marks omitted); <u>see also</u> <u>Green v. Clark</u>, No. 2:13-cv-523, 2014 WL 11511669, *3-4 (E.D. Va. Oct. 29, 2014) (stating court

did not deny petitioner his Sixth Amendment right to an impartial jury when a juror failed to disclose that he was a convicted felon but no bias was shown).

Bonita has failed to show deficient performance by trial or appellate counsel for two reasons. First, as the government asserts, the record neither supports Bonita's conclusion that Juror A.D. was in fact convicted of a felony, nor that her civil rights had not yet been restored at the time of trial. See 28 U.S.C. § 1865(b)(5). And, even Bonita concedes that there was only "a possibility" that Juror A.D. was disqualified under the statute. (Cv. Doc. #17, pp. 5-6).

Second, Petitioner has failed to show that Juror A.D. was actually biased or incompetent. Bonita simply alleges that Juror A.D.'s presence on the jury panel violated his due process right. Nonetheless, the proper analysis for the Court is whether Juror A.D. was actually biased and incompetent, which is not established even if she may have been disqualified under 28 U.S.C. § 1865(b)(5). Petitioner has offered nothing to show Juror A.D. was biased against him or unable to render a verdict impartially. Indeed, as the government points out, Juror A.D. indicated on two separate occasions that she could be fair and impartial if selected as a juror. (Cv. Doc. #14, p. 13; Cr. Doc. #489, pp. 40, 42).

Even if defense counsel erred in failing to investigate Juror A.D.'s criminal status, Bonita fails to offer any evidence to show

he was prejudiced by the juror's presence on his jury. At best, Bonita asserts he "could well have been prejudiced by the selection of" Juror A.D. (Cv. Doc. 17, pp. 5-6). This is insufficient to establish prejudice. There is no evidence to support a conclusion that the jury was tainted by Juror A.D.'s presence on the panel. Because Petitioner has failed to establish a claim of ineffective assistance of trial or appellate counsel, Ground Three is denied.

### D. Ground Four: Failure to Move to Suppress, Object to, and/or Investigate Government's Trial Exhibit 35

Under Ground Four, Bonita asserts defense counsel erred in failing to move to exclude, object to, and/or investigate a recording and accompanying transcript of a controlled buy between confidential informant, Beth Ann Torta ("Torta"), and Bonita on September 27, 2011 (Government Trial Exhibit 35). (Cr. Docs. #682, p. 8; #689, p. 5; Cv. Docs. #1, p. 8; #7, p. 5). Bonita claims (a) it was not his voice on the recording, (b) the audio was unintelligible, and (c) counsel should have paid for an expert voice analyst. (Cr. Docs. #682, p. 8; #689, p. 5; Cv. Docs. #1, p. 8; #7, p. 5). Had counsel moved to exclude this evidence, Bonita asserts he would not have been convicted of distribution of crack cocaine under Count Ten. (Cr. Docs. #682, p. 8; #689, p. 5; Cv. Docs. #1, p. 8; #7, p. 5). For the following reasons, the Court finds no ineffective assistance of counsel under Ground Four.

First, the Court finds there was proper and adequate voice identification of Bonita's voice on the tape. Federal Rule of Evidence 901(b)(5) allows the admission of opinion testimony based upon a witness's familiarity with a voice. "Once a witness establishes familiarity with an identified voice, it is up to the jury to determine the weight to place on the witness's voice identification." Brown v. City of Hialeah, 30 F.3d 1433, 1437 (11th Cir. 1994) (citation omitted). At trial, Torta testified that she conducted a controlled buy of crack cocaine from Bonita on September 27, 2011. (Cr. Doc. #495, pp. 137-152). The government sought to introduce a recording and transcript of the transaction. (Id., pp. 139-152). Torta identified one of the speakers on the audio as "Black[,]" who she identified in the courtroom as Bonita. (Id., pp. 137-152). Torta was familiar with Bonita's voice because she testified she purchased crack cocaine from him "[q]uite a few times." (Id., pp. 132-133). This identification was sufficient to sustain the introduction of the tape and transcript at trial, and it was up to the jury to determine the credibility of Torta's testimony.

On direct appeal, Bonita argued the Court erred in admitting Government Trial Exhibit 35 into evidence because the government failed to lay a proper foundation for the exhibit. (See Appellant's Br., United States v. Hyppolite, 13-10471 (11th Cir. Nov. 12, 2013)). The Eleventh Circuit disagreed, holding this

Court "did not plainly err or abuse [its] discretion in admitting Exhibit 35 into evidence, because the government established the proper foundation for its admittance[.]" Hyppolite, 609 F. App'x at 615 n.4. It is well settled that a "district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (citation omitted). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." Id. In light of the above, Bonita is barred from re-litigating whether the government laid a proper foundation for Exhibit 35 in this habeas proceeding. A successful claim of ineffective assistance of counsel cannot be premised on an issue already resolved by the Court of Appeals.

Next, Petitioner's challenge of the recording on the ground of unintelligibility fails. "[T]ape recordings that are partially inaudible and/or unintelligible are not inadmissible unless these portions are so substantial as to render the recording as a whole untrustworthy, a determination that is left to the sound discretion of the trial judge." United States v. Mendoza, 574 F.2d 1373, 1378 (5th Cir. 1978) (citation omitted). A review of the record shows that some of the recording was inaudible or unintelligible. However, these portions are not "so substantial as to render the recording as a whole untrustworthy[,]" considering that a good

portion of the tape was audible and intelligible. Therefore, because there was an adequate identification of Bonita's voice and the tape was not so unintelligible as to render it untrustworthy, the Court finds no deficient performance by counsel.

The Court also finds counsel did not render ineffective assistance for failing to investigate the recording or pay for an expert voice analyst. The Eleventh Circuit in Chandler held:

> counsel need not always investigate before pursuing or not pursuing a line of defense. Investigation (even a nonexhaustive preliminary investigation) is not required for counsel reasonably to decline to investigate a line of defense thoroughly. For example, counsel's reliance on particular lines of defense to the exclusion of others – whether or not he investigated those other defenses – is a matter of strategy and is not ineffective unless the petitioner can prove the chosen course, in itself, was unreasonable.

Chandler v. United States, 218 F.3d 1305, 1318 (11th Cir. 2010) (internal citation and quotation marks omitted). "Thus, where trial counsel determines that further investigation is unnecessary, he cannot be ineffective for failing to pursue the same." Marshall v. United States, No. 4:06-CR-26-CDL, 2012 WL 629243, at *2 (M.D. Ga. Feb. 27, 2012), report and recommendation adopted, No. 4:06-CR-26 CDL, 2012 WL 5335275 (M.D. Ga. Oct. 26, 2012).

Bonita assumes that had his counsel investigated the audio tape and/or paid for an expert voice analyst, he would have been

acquitted of Count Ten. This assumption, however, is insufficient to establish an ineffective assistance of counsel claim. <u>See</u> <u>Marshall</u>, 2012 WL 629243 at *2 (finding no ineffective assistance where petitioner merely assumed that had his counsel investigated the recordings or hired an expert voice analyst, he would have been acquitted). Defense counsel was not ineffective in failing to investigate a line of defense that Bonita merely speculates could have changed the outcome at trial. <u>See</u> <u>id.</u>

Finally, the Court finds Petitioner fails to show any prejudice. First, the recording was not the only evidence to support Bonita's conviction under Count Ten. Rather, Torta testified independently of the recording that she conducted a controlled buy of crack cocaine from Bonita on September 27, 2011. (Id.). Therefore, given the existence or other evidence against Bonita, he cannot demonstrate that the failure to object to, move to exclude, and/or investigate the recording and present expert voice identification testimony prejudiced his defense. Although the recording was clearly important to the government's case, this was not an instance where a determination of guilt rested solely on this recording. To the contrary, even if Bonita's voice was not on the tape, there was independent witness testimony to support his conviction under Count Ten.

Moreover, Bonita cannot show prejudice because the Court sentenced him to a concurrent term of life imprisonment as to

Counts One and Ten. Consequently, Petitioner cannot show a reasonable probability that his sentence would have been more favorable had he been acquitted of Count Ten.

In conclusion, considering all the above, the Court finds Petitioner fails to set forth a claim for ineffective assistance of trial or appellate counsel under Ground Four.

### E. Ground Five: Failure to Assert a Timely Objection to Government Trial Exhibits 39 and 40

Under Ground Five, Bonita argues defense counsel erred in failing to object in a timely manner to the admission of Government Exhibits 39 and 40 at trial. (Cr. Doc. #682, p. 13; Cv. Docs. #1, p. 13; #17, pp. 7-8). Had counsel moved to exclude these exhibits at the time they were offered into evidence, he argues he would not have been convicted of Count One. (Cr. Doc. #682, p. 13; Cv. Docs. #1, p. 13; #17, pp. 7-8). The government argues Ground Five lacks merit because (a) counsel's action was reasonable given that his client was not implicated by the government's witness and (b) Bonita fails to show he suffered any prejudice. (Cv. Doc. #14, pp. 15-16). The Court agrees with the government.

In support of Bonita's distribution charge under Count Twelve, the government sought to introduce evidence showing that Torta conducted a controlled buy from Bonita (identifying him as "Black") on October 13, 2011. (Cr. Doc. #495, pp. 181-195). Specifically, the government sought to admit an audio tape of the

transaction (Exhibit 39) and the crack cocaine recovered from law enforcement (Exhibit 40). (Cr. Docs. #495, pp. 181-195; #496, p. 192). Torta, however, testified that Bonita was not the "Black" she purchased crack cocaine from on October 13, 2011. (Cr. Doc. #494, pp. 181-195). The government argued the exhibits remained relevant to the conspiracy charge as a whole under Count One. (Cr. Doc. #496, p. 198). Defense counsel did not object on the basis that the exhibits were nonetheless prejudicial to his client. (Cr. Doc. #495, pp. 183-184; #496, pp. 198-199). The Court admitted both exhibits into evidence. (Cr. Doc. #495, pp. 183-184; #496, pp. 198-199).

Thereafter, Bonita, through counsel, moved for judgment of acquittal as to Count Twelve. (Cr. Doc. #497, pp. 73-77). The Court dismissed Count Twelve without objection from the government. (Id., p. 85). The next day, defense counsel moved to exclude Government Exhibits 39 and 40 since Count Twelve had already been dismissed. (Cr. Doc. #498, pp. 5-6). The Court overruled the objection, accepting the government's argument that these exhibits were admissible as to Count One. (Id., p. 6). The Court further opined that it did not find any reason to change its ruling that the exhibits were admissible as to the conspiracy charge. (Id.). Bonita now says counsel's failure to object at the time the exhibits were introduced constituted ineffective

assistance of counsel and prejudiced him as to Count One. (Cr. Doc. #682, p. 13; Cv. Docs. #1, p. 13; #17, pp. 7-8).

The Court finds defense counsel did not render deficient performance. First, as the government points out, counsel's decision not to object to the introduction of the exhibits at the time they were offered was consistent with Torta's testimony Bonita did not participate in the controlled buy transaction on October 13, 2011. (Cv. Doc. #14, p. 16). Because Bonita was clearly not implicated by the evidence, defense counsel's decision not to object was reasonable.

Second, Petitioner does not argue that the evidence was inadmissible. At most, he says counsel failed to make a timely objection. Nonetheless, "[t]he failure to object to admissible evidence does not constitute ineffective assistance of counsel." Lovett v. State of Fla., 627 F.2d 706, 709 (5th Cir. 1980)[6] (citation omitted). Bonita has not demonstrated that the Court's judgment concerning the admissibility of Government Exhibits 39 and 40 was incorrect. Thus, his claim based upon counsel's failure to object to the exhibits at the time they were introduced into evidence is rejected. See id. (finding no ineffective assistance claim where petitioner failed to demonstrate that the trial court

---

[6] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

improperly admitted evidence); see also United States v. Durden, No. 107CR00020JOFJFK1, 2011 WL 13300366, at *6 n.7 (N.D. Ga. June 29, 2011) (holding no ineffective assistance of counsel claim based on counsel's failure to object to evidence where petitioner failed to argue the evidence was inadmissible).

In addition, Bonita fails to demonstrate a reasonable probability, but for counsel's failure to make a timely objection to Government Exhibits 39 and 40, he would have been acquitted of Count One. Considering Torta testified Bonita did not participate in the controlled buy on October 13, 2011 and Government Exhibits 39 and 40 did not otherwise implicate him but helped him, the Court finds he did not suffer prejudice. The Court finds no ineffective assistance by trial or appellate counsel. Ground Five is, therefore, denied.

## F. Ground Six: Failure to Appeal the Court's Jury Instructions

Under Ground Six, Bonita maintains counsel failed to assert on appeal that the Court erred in refusing to give a jury instruction on multiple conspiracies and, as a result, improperly denied his defense theory of the case. (Cv. Doc. #7, p. 3). The government argues Petitioner's claim is without merit because the Court **did** instruct the jury on multiple (separate) conspiracies. (Cv. Doc. #14, p. 17). The Court agrees with the government. At

the conclusion of the case, the undersigned provided the following

instruction to the jury:

> **THE COURT:** Proof of several conspiracies is not proof of the single overall conspiracy charged in the second superseding indictment unless one of the several conspiracies proved is the single overall conspiracy. You must decide whether the single overall conspiracy charged existed between two or more conspirators. If not, then you find the defendants not guilty of that charge.
>
> But if you decide that a single overall conspiracy did exist, then you must decide who the conspirators were; and if you decide that a particular defendant was a member of some other conspiracy, not the one charged, then you must find that defendant not guilty. So, to find a defendant guilty, you must all agree that the defendant was a member of the conspiracy charged, not a member of some other separate conspiracy.

(Cr. Doc. #498, p. 179). Additionally, on direct appeal, the

Eleventh Circuit specifically found the undersigned "did not fail

to instruct the jury on multiple conspiracies[.]" <u>Hyppolite</u>, 609

F. App'x at 615 n. 4. For these reasons, Petitioner fails to

establish a claim under <u>Strickland</u>. (Cr. Docs. #378, pp. 13-14;

#498, p. 179). Consequently, Ground Six is denied.

### G. Ground Seven:  Failure to Prepare Case

Last, Bonita argues in his Sworn Affidavit that "little time

was spent on the preparation" of his case by defense counsel. (Cv.

Doc. #18, p. 1). Petitioner's conclusory allegation of ineffective

assistance of counsel under Ground Seven is insufficient to warrant

relief.  Petitioner fails to allege, much less establish with evidentiary support, what a proper investigation into the circumstances of his case would have revealed, and how the outcome of his case would have changed if counsel had spent more time preparing his defense.  Petitioner further fails to allege what counsel did or did not do that demonstrated an unwillingness to prepare Bonita's case, and the record establishes that counsel's performance was not deficient.  Ground Seven is, therefore, denied.

Accordingly, it is now

**ORDERED:**

1. Petitioner Eric Bonita's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cr. Doc. #682; Cv. Doc. #1) is **DENIED**.

2. Petitioner's requests for an evidentiary hearing and the appointment of counsel (Cv. Doc. #17, p. 9) are **DENIED**.

3. The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

     **DONE** and **ORDERED** in Fort Myers, Florida this   25th   day of September, 2019.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record